Dear Mr. Dunn:
You have requested an opinion of the Attorney General regarding the statutory provisions relating to local sales and use tax audits. You first ask whether a taxpayer can refuse to produce records or submit to an audit by a contract audit firm which has been properly retained and directed to conduct the audit.
As you correctly note in your request, R.S. 33:2719 authorizes the governing authority of any political subdivision to enter into contracts pertaining to the examination or investigation of any taxpayer for the purposes of enforcement and collection of sales and use taxes. It provides, in pertinent part, the following:
 " § 2719. Contracts for purpose relating to collection of sales and use taxes.
 A. The governing authority of any political subdivision may contract with the sheriff, the Louisiana Department of Revenue, any political subdivision of this state, or any other agency, whether public or private, for the examination or investigation of the place of business, if any; the tangible personal property; and the books, records, papers, vouchers, accounts, and documents of any taxpayer for the purposes of enforcement and collection of any tax imposed by that political subdivision.
 B. For the purpose of auditing for compliance with local sales and use tax ordinances, any political subdivision or other entity which collects local sales and use taxes may enter into a contract with a private auditing firm and, when so authorized by such contract, such firm may examine or investigate the place of business, if any; the tangible personal property; and the books, records, papers, vouchers, accounts, and documents of any taxpayer. The rate of compensation shall be on an hourly basis, plus reasonable expenses. In addition, all such contracts shall be approved by the majority of the affected taxing jurisdictions.
 C. Any private agency hired for the purposes of this Section and any employee of such private agency shall be governed by the provisions of R.S. 47:1508 et seq.
 D. For the purposes of this Section, the term `political subdivision' shall have the meaning given it by the Louisiana Constitution Article VI, Section 44(2).
 E. (1) Prior to initiating an examination or audit of a taxpayer, a political subdivision shall provide notice of the political subdivision's intent to audit by certified mail to the taxpayer at the taxpayer's last known address. Such notice shall:
 (a) Reasonably describe the nature of the audit.
 (b) Identify the name, office, address, and office telephone number of the firm or individual who will initiate the audit.
 (c) Advise the taxpayer of the right to review and copy the audit contract if the audit will be conducted by a private auditing firm.
 (d) Summarize the remedies available to the taxpayer if the taxpayer should choose to contest the audit findings.
 (e) Describe the interest, penalties, and costs, including audit costs, for which the taxpayer may be liable if taxes are determined to be due.
 (2) During the course of the audit, the taxpayer shall be notified of the name, office address, and office telephone number of each auditor assigned to the audit. Private auditing firms shall provide any taxpayer subject to an audit with access to an original or a copy of the audit contract specifying the terms under which the audit firm was engaged, which may be reviewed and copied by the taxpayer.
 F. If the cost of a sales tax compliance audit is to be borne by the taxpayer, pursuant to R.S. 47:1605 and similar local ordinances, the cost to the taxpayer shall not exceed thirty percent of the amount of the additional taxes determined to be due as the result of the audit."
As can be gleaned from the above, the law clearly authorizes political subdivisions or other entities which collect local sales and use taxes to enter into a contract with a private auditing firm for the purpose of auditing taxpayers for compliance with local sales and use tax ordinances. When so authorized by such contract, the firm may examine or investigate the taxpayer's place of business, tangible personal property and the books, records, papers, vouchers, accounts and documents of said taxpayer. In the event an audit firm is contracted with, the firm and any of its employees must comply with the confidentiality provisions of R.S. 47:1508, et seq. Further, proper notice must be given by the tax recipient entity to the taxpayer of the intent to audit, the requirements of said notice delineated in Section 2719(E).
Based on the above, and in answer to your first question, a taxpayer may not refuse to produce records and/or submit to an audit by a private firm if a valid contract exists between the tax recipient and the audit firm. The contract should comply with all requirements set forth in R.S. 33:2719, including those enumerated in Section 2719(C) through (E).
You further ask whether a taxpayer may require, as a condition of compliance with R.S. 47:1542, contractual guarantees, personal bonds or any conditions precedent.
R.S. 47:1542 provides as follows:
 "For the purpose of administering the provisions of this Sub-title, the collector, whenever he deems it expedient, may make or cause to be made by any of his authorized assistants, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any taxpayer. Every taxpayer and every director, officer, agent, of employee of every taxpayer, shall exhibit to the collector or to any of his authorized assistants, the place of business, the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the taxpayer and to facilitate any such examination or investigation so far as it may be in his or their power so to do."
As can be seen from the above, the collector has broad and sweeping powers to examine the records and premises of any taxpayer. We find no legal authority for the taxpayer to require contractual guarantees, personal bonds or any other condition precedent which would inhibit the authority of the collector to conduct his examination.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/dra